UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IKEIM C.C. VASTER,

        Plaintiff,

   v.

WESTERN STATE HOSPITAL AND MARK THOMPSON,

        Defendants.

CASE NO. 3:23-cv-5571-JLR-GJL

ORDER DECLINING TO SERVE FIRST AMENDED COMPLAINT

Plaintiff Ikeim C.C. Vaster, proceeding *pro se* and *In Forma Pauperis* ("IFP"), filed this first amended civil rights Complaint ("FAC") under 42 U.S.C. § 1983. Dkt. 10. Having reviewed and screened Plaintiff's FAC under 28 U.S.C. § 1915A, the Court finds Plaintiff has failed to state a claim but provides Plaintiff one final opportunity to file an amended pleading by **January 4, 2024**, to cure the deficiencies identified herein.

I.    **BACKGROUND**

Plaintiff, a civilly committed individual at Western State Hospital, alleges that another patient, Farrah Yosef, assaulted him. Dkt. 10 at 4–5. The assault resulted in Plaintiff suffering a bruised eye, dislocated tooth, and burst lip. *Id.* at 5. Plaintiff further alleges that Mark Thompson,

the CEO of Western State Hospital, knew that Yosef previously assaulted other patients, but he failed to take any action to prevent future assaults. *Id*. Finally, unnamed officials at Western State Hospital failed to evaluate Plaintiff's mental health until 50 days after his arrival at the hospital. *Id.* at 6.

## II.     DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Plaintiff's FAC suffers from deficiencies that require dismissal if not corrected in a second amended complaint.

### A.     Improper Defendant

Plaintiff appears to name Western State Hospital as a defendant. Dkt. 10 at 1. First, Plaintiff only lists Western State Hospital in the caption of the FAC, failing to raise any allegations against it. Second, Western State Hospital, an entity of the State of Washington, is not a proper defendant in a § 1983 case. A claim under § 1983 may only be brought against "persons" acting under color of state law. 42 U.S.C. § 1983. However, for the purposes of § 1983, a state is not a "person." *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Similarly, an entity that is an arm of the state is also not a "person" under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365

(1990); *see also Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (concluding that the suit against the state Board of Corrections was barred by the Eleventh Amendment).

Additionally, the Eleventh Amendment to the United States Constitution bars a person from suing a state in federal court without the state's consent, and there is no evidence the State of Washington has waived its Eleventh Amendment immunity in federal courts. *See* U.S. Const. amend. XI; *Edelman v. Jordan,* 415 U.S. 651, 662–63 (1974) ("While the Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."). "State agencies are similarly immune." *Spokane Cty. Deputy Sheriffs Ass'n v. State of Washington Dep't of Emp. Sec.*, 317 F. App'x 599, 600–01 (9th Cir. 2008).

Western State Hospital, an entity of the State of Washington, cannot be sued under § 1983 and is an improper defendant in this case.

**B.     Failure to Protect Claim (Count I)**

In the FAC, Plaintiff claims that Thompson knew that Yosef had assaulted other patients at Western State Hospital. Plaintiff contends that if Thompson had removed Yosef from the hospital after learning about the prior assaults, Yosef would not have assaulted and injured him.

Prison officials must take reasonable measures to guarantee the safety of inmates and have a duty to protect prisoners from violence at the hands of other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994). To establish a violation of this duty, the inmate must establish that the officials were deliberately indifferent to serious threats to the inmate's safety. *Id.* at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the inmate must show that "the official [knew] of and disregard[ed] an

excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837.

Here, Plaintiff fails to state a colorable failure to protect claim because the allegations against Thompson are vague and conclusory. For example, Plaintiff merely states, without providing any additional facts, that Thompson knew that Yosef assaulted people in the past at Western State Hospital. This vague allegation is insufficient to support that there was an excessive risk to Plaintiff's safety or that Thompson appreciated a risk to Plaintiff's safety. Accordingly, the Court finds that Plaintiff fails to state a failure to protect claim.

### C. Trueblood Claim (Count II)

Plaintiff also claims that unnamed hospital officials violated his due process rights when they waited 50 days to evaluate his mental health. Dkt. 10 at 6.

The Ninth Circuit has acknowledged that pretrial detainees have a due process right to timely competency evaluations. *See Trueblood v. Wash. State Dep't of Soc. and Health Servs.*, 822 F.3d 1037, 1043 (9th Cir. 2016). And the state must conduct the competency evaluations within a reasonable time. *Id.* at 1040.

Plaintiff fails to state a colorable due process claim because he does not name any defendants in this count. Without a proper defendant, the due process claim cannot proceed. While Plaintiff alleges a constitutional violation here, this Court cannot provide a remedy if he cannot identify the individuals who violated his constitutional rights. The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). However, this claim cannot proceed beyond screening without any listed defendants. *See*

*Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (stating that a plaintiff in a § 1983 action must make "a showing of personal participation by the defendant."). Therefore, Plaintiff fails to raise a colorable due process claim.[1]

### D.   Failure to State a Claim (Count III)

Plaintiff has failed to state a claim upon which relief can be granted in Count III of the FAC. In that count, Plaintiff states that Thompson violated the Fourteenth Amendment and allowed Yosef to assault him. Dkt. 10 at 6. However, Plaintiff does not make any allegations and refers the Court to the exhibits attached to the FAC. *Id.* While the Court will liberally construe a *pro se* complaint, "sifting through unidentified . . . documents and formulating claims on Plaintiff's behalf crosses the line between liberal construction and advocating on Plaintiff's behalf." *Cantu v. Garcia*, 2010 WL 2605336, at *2 (E.D. Cal. June 28, 2010).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when

---

[1] It is also unclear to the Court if Plaintiff can raise a *Trueblood* claim because he does not state in the FAC whether he is a pretrial detainee. *See Trueblood v. Wash. State Dep't of Soc. and Health Servs.*, 822 F.3d 1037, 1042–44 (9th Cir. 2016) (discussing the requirement for speedy mental health evaluations in the context of pretrial detainees).

committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633.

If Plaintiff wishes to pursue this § 1983 action, he must provide a short, plain statement explaining exactly what each defendant did or failed to do and how the actions violated Plaintiff's constitutional rights and caused him harm.

### III.     Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve Plaintiff's FAC. If Plaintiff intends to pursue this § 1983 civil rights action, he must file a second amended complaint and within it, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the second amended complaint on the form provided by the Court. The second amended complaint must be legibly written or typed in its entirety, it should contain the same case number, and it may not incorporate any part of the previous complaints by reference. The second amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement.

The Court will screen the second amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court

will not authorize service of the second amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file a second amended complaint or fails to adequately address the issues raised herein on or before **January 4, 2024**, the undersigned will recommend dismissal of this action.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 4th day of December, 2023.

Grady J. Leupold
United States Magistrate Judge