UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IKEIM C.C. VASTER,

          Plaintiff,

v.

WESTERN STATE HOSPITAL, *et al.*,

          Defendants.

CASE NO. 3:23-cv-5571-JLR-GJL

REPORT AND RECOMMENDATION

Noting Date: February 23, 2024

This matter has been referred by the District Court to Magistrate Judge Grady J. Leupold. Plaintiff Ikeim C.C. Vaster, proceeding *pro se* and *In Forma Pauperis* ("IFP"), filed this civil rights action under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Second Amended Complaint under 28 U.S.C. § 1915A, the Court concludes Plaintiff has failed to state a claim upon which relief can be granted. *See* Dkt. 13. Accordingly, the Court recommends the Second Amended Complaint be **DISMISSED without prejudice** and this case be closed.

### I.    BACKGROUND

Plaintiff, a civilly committed individual at Western State Hospital ("WSH"), initiated this matter on June 26, 2023, filing a Complaint alleging claims under 42 U.S.C. § 1983.[1] Dkt. 1-1;

---

[1] After correcting a deficiency in his IFP Application (*see* Dkts. 2, 3, 6), Plaintiff was granted IFP status by Order dated October 6, 2023 (Dkt. 7).

REPORT AND RECOMMENDATION - 1

1  Dkt. 6-1. The original Complaint alleged that Plaintiff was the victim of two separate assaults by
2  patients at WSH. Dkt. 6-1. Plaintiff further alleged he subsequently asked to be separated from
3  the two individuals, but, to date, no one had responded to his request. Dkt. 6-1.
4         On October 6, 2023, the Court reviewed and screened Plaintiff's original Complaint
5  under 28 U.S.C. § 1915A. Dkt. 9. The Court found the Complaint was defective and declined to
6  serve it because it did not name a proper defendant that could be sued under § 1983. *Id*. The
7  Court specifically instructed Plaintiff that the State of Washington and its agencies are not
8  "persons" under § 1983 and cannot be sued for damages. *Id*. at 2–3.
9         In addition, the Court determined Plaintiff had failed to state a claim upon which relief
10 can be granted with respect to his allegations of assault because he had not identified any state
11 actors and what actions any such state actors took or failed to take which violated his rights. *Id*.
12 at 4. The Court gave Plaintiff leave to amend his Complaint and warned that a failure to do so by
13 the deadline set by the Court could result in dismissal of this action. *Id*. at 4–5.
14        On October 18, 2023, Plaintiff filed an Amended Complaint. Dkt. 10. In the Amended
15 Complaint, Plaintiff alleged that another patient, Ferrah Yusef, assaulted him. *Id*. at 4–5. The
16 assault resulted in Plaintiff suffering a bruised eye, dislocated tooth, and burst lip. *Id.* at 5.
17 Plaintiff further alleged that Mark Thompson, the CEO of WSH, knew that Yusef previously
18 assaulted other patients, but he failed to take any action to prevent future assaults. *Id*. Finally,
19 unnamed officials at WSH failed to evaluate Plaintiff's mental health until 50 days after his
20 arrival at the hospital. *Id.* at 6.
21        On December 4, 2023, the Court screened the Amended Complaint, and found it
22 deficient. Dkt. 12. Specifically, the Court found Plaintiff again had not named proper defendants.
23 *Id*. at 2–3; 4–5. The Court further found that Plaintiff's allegations against Defendant Thompson
24

REPORT AND RECOMMENDATION - 2

were vague and conclusory and failed to state a claim. *Id*. at 3–4; 5–6. The Court gave Plaintiff leave to amend his Amended Complaint by January 4, 2024, and again warned that failure to do so by the Court's deadline could result in dismissal of this action. *Id*. at 6–7.

On December 13, 2023, Plaintiff filed the Second Amended Complaint. Dkt. 13. The Second Amended Complaint names as Defendants the State of Washington and two arms of the State: the Washington Department of Social and Health Services ("DSHS") and WSH. *Id*. at 3. Plaintiff again alleges that, while housed at WSH, he was assaulted by another patient, Ferrah Yusef, now named as a Defendant. *Id*. at 3, 5. Plaintiff further alleges that unnamed officials or employees at WSH knew that Defendant Yusef previously assaulted other patients, but failed to take any action to prevent future assaults. *Id*. He also claims Defendants, including Yusef, denied him the right to equal protection under the Fourteenth Amendment to the U.S. Constitution. *Id*. at 7–8. Finally, Plaintiff alleges that unnamed officials at Western State Hospital failed to evaluate Plaintiff's mental health until 50 days after his arrival at the hospital. *Id.* at 6. As relief, Plaintiff seeks monetary damages only. *Id*. at 9.

## II.     DISCUSSION

**A.     Legal Standards**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

**B.    Improper Defendants**

None of the Defendants Plaintiff has named in his Second Amended Complaint is a proper defendant in a § 1983 action.

1.    <u>State of Washington, DSHS, and WSH</u>

The State of Washington is not a proper defendant in a § 1983 action. Additionally, the Washington State Department of Social and Health Services ("DSHS") and Western State Hospital are arms of the State of Washington. As Plaintiff was previously informed, the United

REPORT AND RECOMMENDATION - 4

States Supreme Court has made clear that states and state agencies are not "persons" who can be sued for constitutional violations under § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989). In addition, it is well established that under the Eleventh Amendment, a nonconsenting state is immune from suits for damages brought in federal courts by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The State of Washington has not waived its Eleventh Amendment immunity for federal civil rights actions. *See Whiteside v. State of Wash.*, 534 F. Supp. 774, 778 (E.D. Wash. 1982).

Neither the State of Washington nor its agencies may be sued under § 1983. As such, Defendant State of Washington and its arms of the State, Defendants DSHS and WSH, are not properly named Defendants in this action. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted as to Defendants State of Washington, DSHS, and WSH.

    2.    <u>State Actor</u>

In the Second Amended Complaint, Plaintiff names Ferrah Yusef, the patient who allegedly assaulted him, as a Defendant. Dkt. 13. Plaintiff has not alleged facts sufficient to show Defendant Yusef is a state actor acting under the color of state law. Rather, based on the allegations in the Second Amended Complaint, Defendant Yusef is a private citizen. *See id*. "Generally, private persons cannot be liable under section 1983 unless their actions were 'clothed' with governmental authority." *Goehring v. Wright*, 858 F. Supp. 989, 997 (N.D. Cal. 1994); *see Peng v. Mei Chin Penghu*, 225 F.3d 970, 980 (9th Cir. 2003).

Here, Plaintiff asserts Defendant Yusef assaulted him, causing physical injuries. Dkt. 13 at 5. Plaintiff has made no allegations that Defendant Yusef is a state actor or that their actions were "clothed with governmental authority." Therefore, based on the allegations in the Second

Amended Complaint, Defendant Yusef cannot be held liable under § 1983 and Plaintiff has failed to state a claim upon which relief can be granted as to Defendant Yusef.

**C.    Leave to Amend**

The Ninth Circuit has "established that a *pro se* litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987). Here, the Court finds Plaintiff has failed to state a claim upon which relief can be granted as to any of the named Defendants. The Court provided Plaintiff with notice of the deficiencies in his claims. *See* Dkts. 9, 12.

As Plaintiff has been given leave to amend two times and has been instructed regarding the deficiencies of all his claims, the Court recommends Plaintiff not be again given leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

### III.    CONCLUSION

For the above stated reasons, the Court recommends Plaintiff's Second Amended Complaint (Dkt. 13) be **DISMISSED without prejudice** for failure to state a claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed.

R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on February 23, 2024, as noted in the caption.

Dated this 6th day of February, 2024.

Grady J. Leupold
United States Magistrate Judge